IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

ERNEST HOWEY and
SYLVIA HOWEY, his wife,

        Plaintiffs,

vs.

PIRELLI TIRE, LLC,
A Foreign Profit Corporation,

        Defendant.

_____

## NOTICE OF REMOVAL

Defendant, PIRELLI TIRE, LLC, ("PIRELLI"), by and through undersigned counsel, hereby files this Notice of Removal from the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case No.  2017-CA-009847-XXXX-MB, to the United States District Court for the Southern District of Florida, West Palm Beach Division, and respectfully shows this Court the following:

## BACKGROUND

This is a product liability action arising from a motorcycle accident that occurred on Interstate 95 in Palm Beach Gardens, Florida, on March 4, 2016. Plaintiffs allege that the rear tire on the motorcycle catastrophically failed causing Ernest Howey to crash at highway speeds, and that Pirelli designed and manufactured the allegedly defective tire. Plaintiff Ernest Howey alleges severe and permanent injuries and physical handicaps as a result of the accident. His wife, Plaintiff Sylvia Howey, brings a derivative consortium claim.

1

## STATEMENT OF THE GROUNDS FOR REMOVAL

This removal is based on diversity of citizenship with the amount in controversy exceeding the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rules 3.3 and 7.2.

This action can be removed to this Court by Defendant Pirelli pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

28 U.S.C. § 1332 provides, in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between -

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in Section 1603(a) of this title, as plaintiff and citizens of a State or of different States. *Id.*

28 U.S.C. § 1441 provides, in pertinent part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. *Id.*

28 U.S.C. § 1446 provides, in pertinent part:

(a) Generally. A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal

2

Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; generally. (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. *Id.*

Local Rule 3.3 states, in pertinent part:

Every Complaint or other document initiating a civil action shall be accompanied by a completed civil cover sheet.

Local Rule 7.2 states, in pertinent part:

When a court transfers or a party removes an action to this Court, a true and legible copy of: (a) any pending motion and all documents previously filed in support thereof; and (b) any opposition to any such motion and all documents previously filed in opposition to any such motions, shall be filed by the moving party within seven (7) days of the entry of the order of transfer or the filing of the notice of removal unless those materials already have been made part of the case file in this Court.

In order for this Court to have subject matter jurisdiction over this matter and Defendant Pirelli to properly remove the pending State court action to this Court, all of the following conditions must be met:

a.   Complete diversity of citizenship between the parties;

b.   The amount in controversy must be in excess of $75,000.00;

c.   The notice of removal must comply with the statutory procedures outlined in 28 U.S.C. § 1446.

3

## STATEMENTS APPLICABLE TO REMOVAL UNDER DIVERSITY JURISDICTION

A civil action was commenced in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled, ERNEST HOWEY and SYLVIA HOWEY, his wife, vs. PIRELLI TIRE, LLC, A Foreign Profit Corporation, Case No.: 502017CA009847XXXXMB.

Plaintiffs filed this product liability action in the State court on August 29, 2017, and effected service on Pirelli on September 6, 2017.

Plaintiffs seek damages in excess $75,000, exclusive of interests and costs, for alleged severe and permanent personal injuries and physical handicaps resulting from a motorcycle accident.

Defendant Pirelli seeks removal to the Southern District of Florida, West Palm Beach Division, the district in which the underlying action was brought.

Pursuant to Local Rule 3.3, a completed civil cover sheet is accompanied and attached hereto as Exhibit "A".

Following the filing of this Notice with this Court, written notice of the filing of same will be provided to Plaintiffs as required by law.

Following the filing of this Notice with this Court, a true and correct copy of the same will be filed with the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, as required by law. (*See* Notice of Filing, attached hereto as Exhibit "B").

Pursuant to Local Rule 7.2, a true and correct copy of a pending motion with incorporated memorandum of law that was filed in this action while pending in the State Court is attached hereto as Exhibit "C".

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Pirelli in the State Court action is attached hereto as Exhibit "D".

No previous request for the relief herein has been made to this or any other Court.

## DIVERSITY OF PARTIES EXISTS

Defendant Pirelli is a limited liability company whose sole constituent member is Pirelli North America, Inc., which is a Delaware corporation with its principal place of business in the State of Georgia. *See* Affidavit of Laurie Newman, attached hereto as Exhibit "E". Accordingly, Defendant Pirelli is a citizen of Delaware and/or Georgia. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)(for the purpose of diversity, a limited liability company is a citizen of any state of which a member of the company is a citizen, and must allege same in its notice of removal).

Plaintiffs are residents of Jupiter, Florida. (Complaint at ¶ 2, within Exhibit "D" hereto). Accordingly, Plaintiffs are citizens of the State of Florida.

Accordingly, there is complete diversity under 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY IS SATISFIED

Plaintiffs seek damages for severe and permanent personal injuries and physical handicap well in excess of $75,000. *See* Complaint at ¶¶ 6, 16, 17 and 53.[1] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

---

[1] Although the Complaint states that "this is an action for damages in excess of $15,000" (Complaint at ¶ 1), Plaintiffs provided a confidential and highly detailed pre-suit demand letter on June 1, 2017. *See* Exhibit "E" Affidavit. The monetary demand within the letter, which far exceeds the jurisdictional requirements of 28 U.S.C. § 1332, advises that Ernest Howey's injuries from the motorcycle crash at highway speeds include multiple rib fractures, fractured clavicle, fractured glenohumeral joint, fractured scapula, among others, and invasive surgeries and procedures in efforts to correct same. *Id.* Furthermore, the confidential pre-suit demand advises of an April 1, 2017, Medicare lien for medical costs related to the accident of $82,096.63, all of which Plaintiffs seek to recover in addition to future medical care, pain and suffering, loss of consortium, etc. *Id. See also* Complaint at ¶¶ 6, 16, 17, and 53, for Plaintiffs' prayers for relief and allegations supporting same. Should the Court require information beyond the face of the Complaint and the Exhibit "E" Affidavit, Defendant Pirelli will file the confidential pre-suit demand under seal pursuant to Local Rule 5.4. As this Court holds, "pre-suit demand letters and the facts contained therein are permissible evidence of the amount in controversy." *Scott v Home Depot U.S.A., Inc.*, 2012 WL 86986 at *3 (S.D. Fla. 2012); *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F.Supp.3d 1251, 1254-55 (S.D. Fla. 2015)("[t]he court

## NOTICE OF REMOVAL IS SUFFICIENT AND TIMELY

28 U.S.C. § 1446(b) requires that a notice of removal must be filed within thirty (30) days after formal receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Plaintiffs filed the Complaint in the Fifteenth Judicial Circuit in and for Palm Beach on August 29, 2017, and effected service on Pirelli on September 6, 2017. *See* Summons and Complaint within Exhibit "D" hereto. Accordingly, this removal is timely and complies with the requirements and procedures outlined in 28 U.S.C. § 1446.

## CONCLUSION

Because (1) this Court embraces the place where this action is pending, (2) the amount in controversy exceeds $75,000.00, (3) the action is between citizens of different States, with no defendant being a resident of the State of Florida, and (4) Pirelli consents to removal and there are no other defendants, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Pirelli has complied with all removal procedures outlined in 28 U.S.C. § 1446 and Local Rules 3.3 and 7.4.   Accordingly, this Court has original jurisdiction and Pirelli respectfully requests that this action be removed to this Court.

---

may consider pre-suit demand letters in determining whether the amount in controversy requirement is satisfied."); *Black v State Farm Mut. Auto Ins. Co.*, 2010 WL 4340281 (S.D. Fla. 2010)(denying remand where complaint was silent but pre-suit demand letter provided information sufficient to satisfy amount in controversy requirement of 28 U.S.C. § 1332).

## **RULE 11 VERIFICATION**

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

Daniel B. Weiss, Esq., being duly sworn, states that he is an attorney at Clyde & Co US LLP, attorneys for Defendant, Pirelli Tire, LLC, in this case, and that he has read the foregoing Notice of Removal and knows the contents thereof and the facts related therein are true and correct to the best of his knowledge and belief, and that he executed the same for the uses and purposes therein expressed.

_____
Daniel B. Weiss

Sworn to and Subscribed to before me this

_____ day of September 26, 2017

_____
Notary Public

My Commission Expires:_____

ASTRID BENNETT
Notary Public - State of Florida
My Comm. Expires Jan 28, 2018
Commission # FF 080651

Dated: SEPT. 26, 2017

Respectfully submitted,

/s/Daniel B. Weiss_____
**Frederick J. Fein**
Fla. Bar No. 813699
E-mail: fred.fein@clydeco.us
**Daniel B. Weiss**
Fla. Bar No. 021335
E-mail: dan.weiss@clydeco.us
Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-446-2646
Fax: 305-441-2374
Counsel for Defendant Pirelli Tire, LLC

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 26, 2017, a true and correct copy of the foregoing was electronically filed using the CM/ECF system, and a true and correct copy is being served by electronic mail to counsel for the Plaintiff: Joseph J. Slama and Christopher W. Royer, Krupnick Campbell Malone Buser Slama Hancock & Liberman P.A., 12 Southeast 7th Street, Fort Lauderdale, FL 33301 [pleadings-JJS@krupnicklaw.com].

/s/Daniel B. Weiss_____
Frederick J. Fein
Fla. Bar No. 813699
E-mail: fred.fein@clydeco.us
Daniel B. Weiss
Fla. Bar No. 021335
E-mail: dan.weiss@clydeco.us
